UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RANDY B. ANDERSON )
    Plaintiff, )
 )
v. ) No. 1:13-0088
 ) JUDGE HAYNES
LT. DEBORAH WAGONSHULTS, )
et al. )
    Defendants. )

## ORDER

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No.1) brought pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis* (Docket Entry No.2).

Plaintiff is an inmate at the South Central Correctional Center in Clifton, Tennessee. It appears from his application that he lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Should the Plaintiff be transferred from his present place of confinement, the current custodian of his inmate trust account will ensure that a copy of this order follows him to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Prior to being sent to his present place of confinement, Plaintiff was an inmate at the Maury County Jail. Plaintiff suffers from mental illness. He attempted to hang himself and was moved to an observation cell at the Jail. The Plaintiff complains about conditions of his confinement in the observation cell. More specifically, he alleges that the cell was kept at a constant forty six (46) degrees. In addition, he alleges that he was forced to wear nothing more than a smock and was forced to eat with his fingers.

After two months in the observation cell, Plaintiff swallowed three razor blades. He was sent to the Middle Tennessee Mental Health Institute where he remained for eight days. Upon his return, "they would not give me a smock or anything to cover up with in the cold cell. I laid so long on the floor I got sores on my hips, shoulders and ankles." Plaintiff was allowed infrequent showers and was denied access to a dentist or mental health care specialist.

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984). Thus, the Court finds that the Plaintiff has stated a colorable claim for relief. 28 U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for each defendant named in this action. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants. The Plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

The Clerk is instructed to send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

ENTERED this the _11th_ day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief United States District Judge