IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RANDY BEA ANDERSON )
)
v. ) NO. 1:13-0088
)
LT. DEBORAH WAGONSHULTS, et al. )

TO: Honorable William J. Haynes, Senior District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered April 17, 2015 (Docket Entry No. 55), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is a motion to dismiss (Docket Entry No. 52), filed by Defendants Debra Wagonschutz and Craig D'Apolito. For the reasons set out below, the Court recommends that the motion be denied.

## I. BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") who is currently confined at the West Tennessee State Penitentiary in Henning, Tennessee. He filed this action pro se and in forma pauperis on August 8, 2013, based on events that occurred during his

previous confinement in the Maury County Jail ("Jail") in Columbia, Tennessee. He seeks relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed at the Jail.

The Plaintiff alleges that he attempted to hang himself at the Jail. After this unsuccessful suicide attempt, he asserts that he was moved to an observation cell at the Jail where the temperature was kept at forty six (46) degrees, he was allowed to wear only a smock, was forced to eat with his fingers, and was not allowed to shower or brush his teeth. The Plaintiff alleges that, after enduring these conditions for two months, he swallowed razor blades and was thereafter sent to the Middle Tennessee Mental Health Institute, where he remained for eight days. He asserts that he was not given a smock or anything to cover up with upon his return to the Jail, was forced to lie on the floor, was allowed only sporadic showers, and was not allowed to see a dentist despite signing up on sick call about "bad teeth." He further maintains that his regular medication was discontinued when he was arrested and that he was not permitted to see "mental health" when he complained that the medication he was taking was not helpful. See Complaint (Docket Entry Nos. 1 and 1-1).

Process in the action was served on Debra Wagonschutz, Craig D'Apolito, and Nurse Practitioner Floyd Sealey.[1] By Order entered September 13, 2013 (Docket Entry No. 6), Defendant Tracy Carter McKinnes was added as a defendant. The action was subsequently stayed pending resolution of other prisoner civil rights cases brought within this District based on events occurring at the Jail. See Orders entered September 13, 2013 (Docket Entry No. 6), and November 4, 2013 (Docket Entry No. 18). By Order entered December 8, 2014 (Docket Entry No. 44), the Court

---

[1] Defendants Wagonschutz and D'Apolito assert that they were incorrectly identified in the complaint as Lt. Deborah Wagonschults and Sgt. f/n/u Craig.

provided the parties a six month period to conduct discovery and a forty-five (45) day period thereafter to file dispositive motions. The Defendants have all filed answers in the action, see Docket Entry Nos. 43, 47, and 48, and a jury trial is demanded.

Defendants Wagonschutz and D'Apolito bring their motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants contend that the Plaintiff's complaint does not allege that he suffered any physical injury as a result of the alleged inadequate medical care, mental health care, or conditions of confinement and, further, that the complaint fails to mention the Defendants in his statement of facts and, thus, does not state that the Defendants were personally involved in any of the alleged events. Based upon these deficiencies, the Defendants argue that they are entitled to qualified immunity in both their official and individual capacities. Finally, they argue that, because they are entitled to qualified immunity, the Plaintiff's claim against Maury County should be dismissed. See Memorandum in Support (Docket Entry No. 53). The Plaintiff has not responded to the motion to dismiss.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

### III. CONCLUSIONS

Although the Defendants assert in their motion that the Plaintiff fails to adequately plead facts supporting his claims, their motion to dismiss is specifically couched in terms of the defense of qualified immunity.

Qualified immunity is an affirmative defense that shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate

4

clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Estate of Carter v. City of Detroit, 408 F.3d 305, 310 (6th Cir. 2005). The initial question in the qualified immunity analysis is whether "the facts alleged show the [defendant's] conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citing Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). If the alleged conduct does not amount to the violation of a constitutional right, the defendant is entitled to qualified immunity. The next step is to determine whether the constitutional right at issue has been "clearly established" under the law. Cope v. Heltsley, 128 F.3d 452, 458 (6th Cir. 1997). A right is "clearly established" when the "contours of the right [is] sufficiently clear that a reasonable [government official] would understand that what he is doing violates that right." Harris v. City of Circleville, 583 F.3d 356, 366–67 (6th Cir. 2009). Even if a defendant has violated a constitutional right, the defendant is entitled to qualified immunity if the law surrounding that right would not have made it sufficiently clear to a reasonable official in the defendant's position that what he had done amounted to a violation of the alleged constitutional right.

The issue of qualified immunity is essentially a legal question for the court to resolve. Elder v. Holloway, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994); Tucker v. City of Richmond, 388 F.3d 216, 219 (6th Cir. 2004). It is within the discretion of the Court as to which of the two prongs of the qualified immunity analysis should be addressed first. Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Initially, there is no merit to the Defendants' argument that the protection of qualified immunity applies to claims brought against them in their official capacities, which are essentially

claims against the Maury County municipality for whom they are agents. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir.2008), cert. denied, 555 U.S. 1126, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009). Qualified immunity does not apply to municipal defendants regardless of whether they are specifically named as defendants or are sued through municipal officials who are named in their official capacities. Kentucky, 473 U.S. at 167; Owen v. City of Independence, Mo., 445 U.S. 622, 649-50 and 657, 100 S. Ct. 1398, 1418, 63 L. Ed. 2d 673 (1980); Fennell v. Simmons, 162 F.3d 1161, 1998 WL 552830 (6th Cir. 1998).

As to the Plaintiffs' claims against the Defendants individually, the Plaintiff alleges that he was kept in an isolation cell that was excessively cold for no less than two months, that he was not provided with adequate clothing and bedding during this time, that he was denied the opportunity to shower and brush his teeth for at least two months, and that he was denied dental treatment. He further alleges that, despite attempting to hang himself and swallowing razor blades, he was not provided with mental health treatment or with proper medication.

The Court finds that the constitutional rights upon which the Plaintiff's claim are based were clearly established by 2012-13 when he was confined at the Jail[2] and, thus, the second prong of the qualified immunity analysis does not support a finding of qualified immunity for the Defendants. It has been well settled for decades that the Eighth Amendment requires that prison officials house prison inmates in conditions that conform to the minimal civilized measure of life's necessities. See

---

[2] The Plaintiff does not assert in his complaint when he was confined at the Jail, but the Court assumes that it was sometime in the period of 2012 to 2013, because his complaint was filed on August 6, 2013, and no defendant has raised a statute of limitations defense, which would generally apply to any claims arising more than one year prior to the filing of the complaint.

Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986). The need for adequate clothing and shelter falls within these necessities, see Wilson v. Seiter, 501 U.S. 294, 304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Spencer v. Bouchard, 449 F.3d 721, 728 (6th Cir. 2006), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), as do the opportunities to bathe and to attend to basic elements of human hygiene such as dental health. See Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010); Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986); Walker v. Mintzes, 771 F.2d 920, 928 (6th Cir. 1985). Additionally, it is equally well settled that the Eighth Amendment provides a prison inmate with a right to a certain level of medical care, and that deliberate indifference to the serious medical needs of a prisoner violates this Eighth Amendment right by subjecting him to cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Sanderfer v. Nichols, 62 F.3d 151, 153 (6th Cir.1995). A prison inmate's need for psychological or mental health treatment for known suicidal tendencies has been specifically recognized as falling within the type of medical needs covered by the Eighth Amendment. See Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Within the stance of a motion to dismiss, which challenges only the sufficiency of the Plaintiff's pleadings, the Court also finds that the Plaintiff's allegations are sufficient to state constitutional claims for relief. While the pro se complaint is certainly not drafted with the specificity and completeness which would be expected in a pleading drafted by an attorney, pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jourdan v. Jabe, 951 F.2d

108, 110 (6th Cir.1991). Further, to survive the motion to dismiss, the Plaintiff's pleadings are not required to set out detailed factual allegations, Twombly, 550 U .S. at 555, as long as his pleadings are not conclusory and offer sufficient factual allegations to raise his claims above a speculative level with only a "sheer possibility" of relief. Iqbal, 556 U.S. at 678–79.

Although the Defendants are correct that the Plaintiff's complaint does not specifically mention them by name in the factual allegations of his complaint, his use of the pronoun "they" is sufficient to collectively identify each of the named defendants as being responsible for the constitutional wrongdoing set out in his complaint. The Court also does not find that a fair reading of the complaint compels only the conclusion that the Defendants were named merely because of their supervisory duties at the Jail. The Plaintiff alleges conditions of confinement in the observation cell that are of a sufficient degree and length of time to plausibly rise to the level of depriving him of basic human needs. He also alleges the denial of mental health treatment and dental treatment that could plausibly support a constitutional claim that the Defendants were deliberately indifferent to these serious needs. He further specifically alleges that he suffered sores on his hips, shoulders, and ankles because of these conditions, and it is also reasonable to infer that he also suffered physical pain and suffering because of the extreme cold he alleges he endured. It is simply not possible, at this point, to determine whether the Plaintiff's allegations amount to nothing more than allegations of mere inconveniences or discomforts, as argued by the Defendants, or are indicia of a constitutional violation. Although further proceedings in the action may ultimately show that the Plaintiff's constitutional claims are not supported by an evidentiary basis, the factual averments in his pleadings, if true, "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; See also Grose v. Caruso, 284 Fed.App'x 279, 283 (6th Cir. 2008) ("dismissals on the basis of

qualified immunity are generally made pursuant to Fed.R.Civ.P. 56 summary judgment motions, not 12(b)(6) sufficiency of pleadings motions."). Accordingly, the Court finds that the Plaintiff's allegations are sufficient to support constitutional claims against the Defendants.

Taken in the light most favorable to the Plaintiff, the alleged facts show that the Defendants' conduct violated clearly established constitutional rights and it would have been clear to reasonable Jail officials in the Defendants' positions that their conduct was constitutionally unlawful.

**R E C O M M E N D A T I O N**

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 52) of Defendants Debra Wagonschutz and Craig D'Apolito be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                          Respectfully submitted,

                                          JULIET GRIFFIN
                                          United States Magistrate Judge