UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RANDY BEA ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LT. DEBORAH WAGONSHULTS, et al., ) <br> ) <br> Defendants. ) | No. 1-13-0088 <br> Senior Judge Haynes |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 105) to grant Defendant Tracy McKinnes-Carter's motion for summary judgment (Docket Entry No. 67), Defendant Floyd Sealey's motion for summary judgment (Docket Entry No. 73) and Defendants Debra Wagonschutz's and Craig D'Apolito's motion for summary judgment (Docket Entry No. 80). Plaintiff filed an objection (Docket Entry Nos. 108 and 112).

Plaintiff alleged in his complaint that he was kept in an isolation cell that was excessively cold, was not provided with adequate clothing and bedding, and was denied the opportunity to shower and brush his teeth. Plaintiff also alleged that he was denied dental care and that, despite attempting to hang himself and swallowing razor blades, he was not provided with mental health treatment or with proper medication.

The Magistrate Judge concluded that based upon the undisputed evidence summary judgment should be granted to each Defendant. The undisputed evidence shows that Defendant McKinnes-Carter did not have any role in providing mental health treatment to Plaintiff or in making decisions regarding his housing, that numerous meetings took place between Defendant McKinnes-Carter and Plaintiff concerning his mental health treatment and that Plaintiff was

regularly seen by mental health treatment providers; that Defendant Sealey placed Plaintiff on the list to see the dentist in response to his sick call requests about his teeth, Plaintiff was immediately transported to a local medical clinic for his leg injury, Plaintiff did not voice any complaints while at the Jail about his seizure medication and Plaintiff was given his seizure medication as prescribed; and that Defendants Wagonschutz and D'Apolito presented evidence showing that jail staff treated Plaintiff's repeated suicide attempts, some of which Plaintiff admits were contrived by him, in accordance with the jail's suicide protocol that included transferring him to outside facilities, evaluating him by the mental health crisis team, and placing him in the jail's observation cell, that Plaintiff did not complain about severe pain related to his need for dental care or about the temperature in his cell, and that Plaintiff often refused to use his recreation/shower time while at the jail. (Docket Entry No. 105 at 7-10).

In his objection, Plaintiff does not dispute that he "suffered from mental health issues and his disruptive behavior created some management problems regarding his custody at the Jail," but states that "Plaintiff is unlearned in the law and is in dire need of assistance," and seeks the Court to grant his motions for appointment of counsel (Docket Entry Nos. 110 and 113). Plaintiff has failed to raise any specific objections.

As evidenced by his filings in this action, as well as his filings in other civil actions,[1] Plaintiff has demonstrated the ability to present his claims. This action is neither factually nor legally complex. There is no right to counsel in a civil action. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir.

---

[1] Anderson v. Goble, 1:13-cv-00154, Anderson v. South Central Correctional Facility, 1:14-cv-00021, Anderson v. Coble, 1:14-cv-00094, Anderson v. Bellus, 1:14-cv-00128.

2003); Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993). Therefore, Plaintiff's motions for appointment of counsel (Docket Entry Nos. 110 and 113) are **DENIED.**

Accordingly, having considered Plaintiff's objection and conducted a de novo review of the Magistrate Judge's Report and Recommendation, the Report and Recommendation (Docket Entry No. 105) is **ADOPTED with modifications**. Defendants' motions for summary judgment (Docket Entry Nos. 67, 73 and 80) are **GRANTED** based upon the undisputed facts. The Report and Recommendation is **SET ASIDE** as to conclusions as to the legal sufficiency of Plaintiff's claims. Plaintiff's motion for "exemption from fees for copies of Docket Sheet(s)" (Docket Entry No. 111) is **DENIED as moot.** This action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED.**

**ENTERED** this the 22nd day of August, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge